UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 8:04-CR-566-T-27TBM

CURTIS SMILEY
_____/

## ORDER

Before the Court is Defendant's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 358). Defendant seeks a sentence reduction pursuant to § 3582(c)(2), based on Amendment 706 to the United States Sentencing Guidelines.[1] The Court appointed counsel for Defendant and directed responses from the U.S. Probation Office, and the United States Attorney's Office. Defense counsel filed a response and memorandum of law supporting Defendant's motion (Dkt. 372). The Government responded in opposition, arguing that application of Amendment 706 does not lower Defendant's sentencing range. (Dkt. 373).[2]

On November 9, 2005, Defendant pleaded guilty to Count One of an indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1)(A). Defendant was held accountable for an estimated quantity

---

[1] The United States Sentencing Commission promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses by two levels for eligible defendants sentenced on or after November 1, 2007. The Amendment is applied retroactively to defendants sentenced before November 1, 2007. *United States v. Moore,* 541 F.3d 1323, 1325 (11th Cir. 2008).

[2] Likewise, in its December 9, 2008 memorandum to the Court, the United States Probation Office determined "since the defendant's guideline range remains the same after application of the lower base offense level . . . defendant is not eligible for consideration because the amendment does not have the effect of lowering the defendant's applicable guideline range."

1

of 1.5 kilograms of cocaine base.[3] At the time of Defendant's sentencing, pursuant to U.S.S.G. § 2D1.1(a)(3), an offense involving 1.5 kilograms or more of cocaine base resulted in a base offense level of 38. After a four level upward adjustment for aggravating role as a "leader" in the offense, and a three level downward adjustment for acceptance of responsibility, Defendant's adjusted offense level became 39. Based on a criminal history category VI, Defendant's sentencing guideline range was therefore 360 months to life imprisonment. After a five level departure based on substantial assistance pursuant to the Government's § 5K1.1 motion, Defendant was sentenced to 262 months imprisonment.[4]

As to crack cocaine offenses, Amendment 706 provides for a two level adjustment to a defendant's base offense level. The procedure for implementing the amendment is established in § 1B1.10(b), which instructs that the district court "shall" determine the "amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time of sentencing." The first step, therefore, in determining Defendant's eligibility for the two level adjustment is to determine what effect Amendment 706

---

[3] The Government contends that Defendant's "activities easily exceed the current threshold amount of 4.5 kilos" for a base offense level 38 under the amended sentencing guidelines. (Dkt. 373, p. 3). Defendant correctly points out, however, that at sentencing, the Court did not make an explicit finding that Defendant was accountable for more than 4.5 kilograms of cocaine. Rather, the Court adopted Probation's assessment that with respect to quantity, that there "is no way to precisely determine the amount of crack cocaine this defendant should be held accountable for, [Probation] has in Paragraph 56 indicated that the highest base offense level is 38, and is applicable to 1.5 kilograms or more of cocaine base." (Sentencing Transcript at p. 4). "[T]here's just no way to precisely calculate because there wasn't a specific seizure. And so under the guidelines . . . it allows the court to effectively estimate the amount that this defendant should be held accountable for." (Sentencing Transcript at p. 5).
At sentencing, defense counsel and government counsel agreed with the quantity estimate of Probation. This Court accordingly found: "Well, I will find that probation . . . has accurately approximated the amount for which this defendant should be held accountable, recognizing that there is no precise calculation that could ever be reached."

[4] The Court departed downward five levels pursuant to the Government's § 5K1.1 motion based on Defendant's substantial assistance, to a level 34. This resulted in a guideline range of 262 to 327 months. Defendant was sentenced to 262 months imprisonment.

would have on Defendant's sentencing guideline range, if it had been in effect at the time of his sentencing.

Amendment 706, even if it had been in effect the time of Defendant's sentencing, would not have lowered Defendant's applicable sentencing guideline range. Applying a two level adjustment to Defendant's base offense level pursuant to Amendment 706 results in a base offense level of 36. After the four level adjustment for aggravating role, and the three level adjustment for acceptance of responsibility, the resulting adjusted offense level is 37. Based on a criminal history category VI, Defendant's amended guideline range remains unchanged, 360 months to life imprisonment. Accordingly, § 3582(c) does not authorize a reduction in his sentence. U.S.S.G. § 1B1.10(a)(2)(B).[5]

Where, as here, application of Amendment 706 reduces a defendant's base offense level but does not alter the sentencing guideline range on which his sentence was based, §3582(c)(2) does not authorize a reduction in sentence. *United States v. James,* 548 F.3d 983 (11th Cir. 2008).

Defendant's alternative argument that Defendant is entitled to a sentence reduction pursuant to 18 U.S.C. § 3553(a), based on *United States v. Booker,* 543 U.S. 220 (2005) is without merit. Since defendant is not entitled to a sentence reduction pursuant to § 3582(c)(2), this Court has no authority to consider a reduction not authorized by that section. A defendant may not employ §3582(c)(2) to litigate sentencing issues unrelated to Amendment 706. A proceeding pursuant to §3582(c)(2) does "not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10; *United States v. Armstrong,* 347 F.3d 905, 909 (11th Cir. 2003); *United States v. Bravo,* 203 F.3d 778, 780-

---

[5] "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

82 (11th Cir. 2000); *United States v. Moreno,* 421 F.3d 1217, 1220 (11th Cir. 2005)(Section 3582(c)(2) motion cannot be used to present *Booker* claim as *Booker* is not a retroactive guideline amendment), *cert. denied,* 547 U.S. 1050(2006); *United States v. Jones,* __ F.3d __, 2008 WL 4934033, at *2 (11th Cir. November 19, 2008); *United States v. Riley,* 164 Fed. Appx. 836 (11th Cir. 2006).

Accordingly, Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 358) is DENIED.

**DONE AND ORDERED** in chambers this 5th day of February, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Defendant
Counsel of record
United States Probation